**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10398 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00124-OWW-1 |
| v. | |
| EUSTORGIO FLORES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted October 15, 2012
San Francisco, California

Before: B. FLETCHER,[**] HAWKINS, and MURGUIA, Circuit Judges.

Eustorgio Flores ("Flores") appeals his jury trial conviction on four counts

related to methamphetamine and cocaine distribution. Flores challenges two of these

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Betty Binns Fletcher, Senior Circuit Judge for the Ninth Circuit Court of Appeals, fully participated in the case and concurred in the judgment prior to her death.

convictions—attempted distribution of methamphetamine[1] ("Count Four") and distribution of methamphetamine near an elementary school[2] ("Count Five")—arguing insufficiency of the evidence. He also claims his trial counsel was ineffective for failing to preserve his insufficient evidence claim for appeal. Applying de novo review,[3] we affirm the district court's denial of Flores's insufficient evidence claim. We also find Flores's ineffectiveness claim to be meritless.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of both counts beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

As to Count Four, attempted distribution of 500 grams or more of a mixture or substance containing a methamphetamine or 50 grams or more of methamphetamine, the requisite quantity of drugs was proven beyond a reasonable doubt based on the

---

[1] 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

[2] 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860.

[3] An adequately preserved sufficiency of the evidence claim is reviewed de novo. *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008). Both parties concede Flores's claims should be reviewed de novo despite his trial counsel's failure to renew his Rule 29 motion for a judgment of acquittal. *See United States v. Esquivel-Ortega,* 484 F.3d 1221, 1224–25 (9th Cir. 2007) (recognizing futility exception to the requirement of renewing Rule 29 motion at the close of all evidence for the preservation of sufficiency claims on appeal).

content of intercepted telephone conversations and testimony by Drug Enforcement Agency ("DEA") agents as to the price and quantity of methamphetamine at issue in this transaction.[4]

Likewise, Count Five, distribution of methamphetamine near an elementary school, is supported by sufficient evidence to permit a rational jury to conclude that Flores knowingly directed the sale of drugs—and not a pocket-sized scale—from his residence, located within 1,000 feet of an elementary school. This evidence includes intercepted telephone conversations, surveillance evidence, and testimony of DEA agents.[5]

---

[4] The jury was permitted to infer that one pound of crystal methamphetamine, more than a sufficient amount of drugs required to sustain the conviction, was involved in this transaction based on the DEA-agent testimony as to the price of the drugs and meaning of the conversations. *See United States v. Rosales*, 516 F.3d 749, 755 (9th Cir. 2008) (finding that jurors could reasonably infer the amount of drugs involved in a transaction based on expert testimony as to the price of drugs and coded references to quantity).

[5] Flores argues on appeal that the likelihood that an alleged buyer picked up drugs from the Flores residence was no greater than the likelihood that the buyer picked up a pocket-sized scale. The content of the transcripts of recorded conversations presented at trial suggests that the item discussed was not a scale. The excerpts suggest that the item could be split in two and that the alleged buyer wanted to deliver "half" of this item to a man in "Hanford." The testimony of the DEA agents, interpreting these conversations, further supports the inference that Flores directed the sale of drugs at his home. The jury was entitled to believe the testimony of the DEA agents. This court "cannot second-guess the jury's credibility assessments; rather, under *Jackson*, the assessment of the credibility of witnesses is

(continued...)

Claims of ineffective assistance of counsel are generally inappropriate on direct appeal. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). The record here, however, is sufficiently developed with respect to the timing of trial counsel's Rule 29 motion to render this claim appropriate for review. *See id.* (noting that ineffective assistance of counsel claims are appropriate for review on direct appeal where they are "sufficiently developed to permit review and determination of the issue").

To prevail on such a claim a defendant must show: (1) counsel's performance was deficient, such that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) the deficient performance prejudiced the defense, such that counsel's "errors were so serious as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Flores's claim is based on his trial counsel's failure to timely renew his motion for judgment of acquittal or to file a motion for a new trial, which he argues subjected him to a more stringent standard of review on appeal. But Flores cannot show prejudice because the claim was reviewed de novo. Nor can Flores show prejudice from the district court being deprived of a subsequent opportunity to review the sufficiency of the evidence

---

[5](...continued)
generally beyond the scope of review." *Nevils*, 598 F.3d at 1170 (internal quotations omitted).

as it made clear the motion would have been denied in any event because of the overwhelming nature of the evidence.

**AFFIRMED**.